UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>   v.<br><br>IONUT MADALIN ZAMFIR and DANIEL ANDRONACHE,<br><br>                 Defendants. | CASE NO. 2:23-cr-00180-LK<br><br>ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER |

       This matter comes before the Court on the parties' Stipulated Motion for a Protective Order. Dkt. No. 38. For the reasons set forth below, the Court grants the parties' motion.

       On November 15, 2023, a federal grand jury indicted Defendants Ionut Zamfir and Daniel Andronache with 12 counts of Bringing an Alien into the United States at a Place Other than a Designated Port of Entry, in violation of 8 U.S.C. § 1324(a)(1)(A)(i) and 18 U.S.C. § 2. Dkt. No. 19 at 1–6. Defendants pleaded not guilty to all charges and remain in custody. Dkt. Nos. 31–32, 36. The parties now move for an order based on their stipulation "regarding the handling and dissemination of Protected Material with respect to this case." Dkt. No. 38 at 2; *see* Fed. R. Crim.

1  P. 16(d)(1).

2      Specifically, the Government anticipates that it will, consistent with its discovery

3  obligations, be required to produce "Protected Material," which the parties define as:

> sensitive materials, including personal/sensitive information about, and photographs and videos of, some of the charged [D]efendants and other witnesses. For instance, the [G]overnment has obtained sensitive information pertaining to the 12 passengers that were identified by law enforcement in a vehicle with the Defendants near the United States/Canadian border. Several of these passengers were minors. The [G]overnment has also seized cell phones belonging to the Defendants, which may contain personal/sensitive information and photographs. Other records may also contain PII (names, dates of birth, social security numbers, etc.) of the Defendants and other witnesses, and which should not be disseminated.

Dkt. No. 38 at 2. Thus, the parties' proposed protective order would limit the possession of such "Protected Material" to "the attorneys of record in this case and their staff, and to any investigators, expert witnesses, and other agents that the attorneys of record retain in connection with this case." *Id.* at 3 ("These proposed restrictions are designed to permit full use of the Protected Material and information contained therein in the preparation of each Defendant's defense, but to avoid dissemination of the Protected Material and the information therein to other persons who have no legitimate defense-related need for the information.").

    Finding good cause, the Court GRANTS the parties' Stipulated Motion for a Protective Order, Dkt. No. 38, and enters the following Protective Order, which slightly modifies the parties' proposed order, Dkt. No. 38-1:

    IT IS HEREBY ORDERED that the discovery materials discussed in the Motion for the Protective Order and referred to therein as "Protected Material," marked specially as "Produced Subject to a Protective Order," may be produced to counsel for the Defendants in this case.

    IT IS FURTHER ORDERED that possession of Protected Material is limited to the attorneys of record in this case and their staff, and to any investigators, expert witnesses, and other agents the attorneys of record retain in connection with this case. The attorneys of record, and their

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER - 2

investigators, expert witnesses, and other agents may review Protected Material with the Defendants. The Defendants may inspect and review Protected Material, but shall not be allowed to possess, photograph, or record Protected Material or otherwise retain Protected Material or copies thereof. A Defendant's counsel of record in any immigration proceeding (to the extent immigration counsel is different than defense counsel in this case) may also review Protected Material, provided immigration counsel has reviewed a copy of this Protective Order with defense counsel and is in the presence of defense counsel or an employee or agent of defense counsel while reviewing the Protected Material.

IT IS FURTHER ORDERED that defense counsel shall not provide Protected Material or copies thereof to any other person outside his or her law office, including the Defendants or their family or associates. A Defendant residing at the Federal Detention Center ("FDC") is permitted to review the Protected Material, consistent with the regulations established by the Bureau of Prisons, with or without counsel in a controlled environment at the FDC, but is prohibited from printing out, copying, or disseminating the discovery. A Defendant residing at an immigration detention center is also permitted to review the Protected Material, consistent with any rules or regulations established by the detention center or Immigration and Customs Enforcement ("ICE"), with or without counsel in a controlled environment at the detention center, but is prohibited from printing out, copying, or disseminating the discovery. A Defendant on pretrial release is permitted to review the Protected Material at the offices of their counsel, but is prohibited from printing out, copying, or disseminating the discovery.

IT IS HEREBY FURTHER ORDERED that the Defendant, defense counsel, and others to whom disclosure of the content of the Protected Material may be necessary to assist with the preparation of the defense, shall not disclose the Protected Material or its contents, other than as necessary for the preparation of defenses at trial and in subsequent appellate proceedings, if

necessary, or in a Defendant's immigration proceedings, pursuant to the terms described below. Specifically, the attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendants and other persons is prohibited and agree not to duplicate or provide copies of the Protected Material to the Defendants and other persons. This Order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, and to the Court and defense as necessary to comply with the Government's discovery obligations.

Nothing in this Protective Order prohibits defense counsel from showing the Protected Material, or reviewing its contents, with the Defendant or with others to whom disclosure may be necessary to assist with the preparation of the defense at trial and in subsequent appellate proceedings, if necessary.

Members of the defense team may seek the Government's agreement to use Protected Material, or redacted versions of such material, in a Defendant's immigration proceeding. When seeking the Government's agreement to use Protected Material in a Defendant's immigration proceeding, members of the defense team will identify with reasonable particularity, including (where available) the specific Bates-numbered pages and or recording descriptions, the specific material defense counsel proposes to use. If counsel for the Government and counsel for the Defendant cannot reach agreement on whether particular portions of the Protected Material or redacted versions of the Protected Material can be used in these circumstances, defense counsel may raise the issue with the Court by way of a motion.

IT IS FURTHER ORDERED that if counsel for any party finds it necessary to file any documents marked as Protected Material, the material shall be filed under seal with the Court and shall remain sealed until otherwise ordered by this Court.

Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. The parties agree that, in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the Government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

Nothing in this Order should be construed as imposing any discovery obligations on the Government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure. The failure to designate any materials as provided herein shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS FURTHER ORDERED that at the conclusion of the case, the Protected Material shall be returned to the United States, or destroyed, or otherwise stored in a manner to ensure that it is not subsequently duplicated or disseminated in violation of this Protective Order.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

Dated this 5th day of December, 2023.

*Lauren King*

Lauren King
United States District Judge